# STATE OF WEST VIRGINIA

## SUPREME COURT OF APPEALS

**FILED**
March 4, 2015
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**ISAAC V. RAMSEY,**
**Claimant Below, Petitioner**

**vs.)    No. 14-0523** (BOR Appeal No. 2048974)
                    (Claim No. 2008032405)

**AMERICAN NATIONAL RUBBER COMPANY,**
**Employer Below, Respondent**

## MEMORANDUM DECISION

Petitioner Isaac V. Ramsey, by Edwin H. Pancake, his attorney, appeals the decision of the West Virginia Workers' Compensation Board of Review. American National Rubber Company, by Alyssa A. Sloan, its attorney, filed a timely response.

This appeal arises from the Board of Review's Final Order dated May 2, 2014, in which the Board affirmed an October 28, 2013, Order of the Workers' Compensation Office of Judges. In its Order, the Office of Judges affirmed the claims administrator's June 18, 2013, decision which denied an office visit with Allen Young, M.D., on May 2, 2013, and a future visit scheduled for September 4, 2013. The Court has carefully reviewed the records, written arguments, and appendices contained in the briefs, and the case is mature for consideration.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

Mr. Ramsey, a mill lead person, was injured in the course of his employment on February 22, 2008, when he fell while loading chemicals. The claim was held compensable for sprain/strain of the knee/leg, lumbar region, and shoulder/arm. In an independent medical evaluation performed on September 1, 2009, Bruce Guberman, M.D., found that Mr. Ramsey had reached maximum medical improvement. He also found that no further treatment or diagnostic tests were likely to improve his condition. Rebecca Thaxton, M.D., performed a physician review on December 8, 2009, in which she recommended that the claims administrator

1

deny authorization of six additional weeks of chiropractic treatment for the neck and back. She found that Mr. Ramsey did not return to work and therefore does not qualify for work-related flair-ups under West Virginia Code of State Rules § 85-20-46.7 (2006). She further stated that even if he were having work-related flare-ups, West Virginia Code of State Rules § 85-20-46.8 (2006), states that reimbursement will be denied for any treatment rendered after a worker has reached maximum medical improvement unless otherwise expressly authorized. She also found that Mr. Ramsey exceeded the West Virginia Code of State Rules § 85-20 (2006) guidelines for treatment duration of lumbar sprain/strain injuries. She concluded that the treatments were not causally and directly related to the claim, especially in light of Mr. Ramsey's pre-existing, degenerative changes. The Office of Judges affirmed the claims administrator's decision denying further chiropractic care on November 29, 2010. It found that Mr. Ramsey had pre-existing degenerative changes, and Dr. Young, who requested the treatment, failed to supply objective findings to show that the chiropractic care was necessary to treat the compensable injury. It determined that Dr. Young's findings were not persuasive enough to allow Mr. Ramsey to exceed the treatment guidelines found in West Virginia Code of State Rules § 85-20. The Board of review and this Court subsequently affirmed the decision.

Mr. Ramsey returned to Dr. Young's care on May 2, 2013. In his treatment note, Dr. Young noted that his main complaint was right shoulder pain. Mr. Ramsey stated he had been receiving chiropractic treatment for the previous six weeks for his neck and back. Mr. Ramsey also stated that he was doing well two years ago and then his symptoms gradually worsened over time. Dr. Young noted that he had not seen Mr. Ramsey for over three years. Dr. Thaxton performed a second physician review on May 13, 2013, in which she recommended the claims administrator deny a September 4, 2013, follow-up visit with Dr. Young. She stated that Mr. Ramsey's new symptoms, which developed three years after he was found to be at maximum medical improvement, are not directly and causally linked to the compensable injury. She reiterated that the symptoms cannot be the result of a work-related flare-up because Mr. Ramsey has not returned to work.

On June 18, 2013, the claims administrator denied a May 2, 2013, office visit with Dr. Young as well as a future visit scheduled for September 4, 2013. The Office of Judges affirmed the decision in its October 28, 2013, Order. It found that Dr. Young stated in his May 2, 2013, treatment note that he had not seen Mr. Ramsey for three years. In a handwritten note, Mr. Ramsey asserted that he last saw a doctor for the compensable injury on June 29, 2011; however, the Office of Judges found no medical records to support this assertion. Mr. Ramsey was found to be at maximum medical improvement by Dr. Guberman on September 1, 2009. Dr. Guberman's report was given significant weight in the Office of Judges' November 29, 2011, decision denying a request for further chiropractic treatment. In the instant case, the Office of Judges found that Dr. Young's request for a visit on September 4, 2013, was for medical management, but there was no indication in the record that medication is currently being authorized for this claim. The Office of Judges noted that Dr. Young found Mr. Ramsey to be fairly stable, which was consistent with the finding that he was at maximum medical improvement. The Office of Judges also noted that Dr. Thaxton opined in her physician review that the new symptoms were not the result of the compensable injury. The Office of Judges therefore concluded that Mr. Ramsey failed to show that Dr. Young's office visits were

medically related and reasonably necessary to treat his compensable injury. The Board of Review adopted the findings of fact and conclusions of law of the Office of Judges and affirmed its Order on May 2, 2014.

On appeal, Mr. Ramsey argues that prior to seeing Dr. Young, he was undergoing regular chiropractic treatment which was cancelled by the claims administrator. He then sought to return to Dr. Young, an occupational medical specialist. He asserts that Dr. Young is in the best position to determine his treatment needs, and the Office of Judges and Board of Review erred in denying visits with him. American National Rubber Company argues that the requested office visits were not medically necessary or reasonably required to treat the compensable injury; Mr. Ramsey has not had treatment for the compensable injury for two to three years; and the sole piece of evidence produced to support his protest consisted of a handwritten note, which was not sufficient to meet his burden of proof. After review, we agree with the reasoning of the Office of Judges and the conclusions of the Board of Review. Mr. Ramsey has failed to meet his burden of proof to show that the requested office visits are medically related and reasonably required for the treatment of his compensable injury.

For the foregoing reasons, we find that the decision of the Board of Review is not in clear violation of any constitutional or statutory provision, nor is it clearly the result of erroneous conclusions of law, nor is it based upon a material misstatement or mischaracterization of the evidentiary record. Therefore, the decision of the Board of Review is affirmed.

Affirmed.

**ISSUED:  March 4, 2015**

**CONCURRED IN BY:**
Chief Justice Margaret L. Workman
Justice Robin J. Davis
Justice Brent D. Benjamin
Justice Menis E. Ketchum
Justice Allen H. Loughry II